986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PETROLEUM PRODUCTS, INC., Plaintiff-Appellant,
v.
TOTAL PETROLEUM, INC., Defendant-Appellee.
 No. 92-3206.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, Petroleum Products, Inc. (PPI), appeals from a district court order granting summary judgment in favor of defendant, Total Petroleum, Inc. (Total). PPI commenced this diversity action to recover pipeline transportation costs incurred over several years in connection with its receipt of butane from Total under an agreement that did not expressly allocate responsibility for such costs. Total moved for summary judgment, asserting that the action was time-barred under either Kan.Stat.Ann. § 60-511(1) (five-year limitations period for written contracts), or § 60-512(1) (three-year period for express or implied, but unwritten, contracts). Supp.App. at 17-35. In response, PPI did not contest Total's position on accrual, the applicable statute(s), or the untimely nature of the complaint, but argued only that Total should be equitably estopped from asserting a limitations defense because prelitigation correspondence suggesting Total's willingness to cooperate in the matter had lulled PPI into inaction. Supp.App. at 37-40; see App. at 25-26 ("PPI does not dispute that the statute of limitations has expired on its claim. PPI asserts ... [only] that Total should be estopped from relying on the statute of limitations."). On a stipulated set of facts, the district court rejected PPI's equitable estoppel claim and entered judgment in favor of Total. We exercise de novo review, see Manders v. Oklahoma ex rel. Dep't of Mental Health, 875 F.2d 263, 264 (10th Cir.1989), and affirm for the reasons that follow.
 
 
 3
 PPI devotes much of its short appellate brief to issues it never raised in the district court. See Brief of Aplt. at 5-8. Without any reasons offered to justify or warrant exceptional treatment, these matters are deemed waived under established principles of appellate review. See FDIC v. Ferguson, 1991 U.S.App. LEXIS 17900, * 7-* 8 (10th Cir.1991) (released for publication Dec. 8, 1992). We therefore limit our consideration to the issue of equitable estoppel.
 
 
 4
 "[T]he doctrine of equitable estoppel is based upon the principle that a person is held to a representation made or a position assumed when otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances, has in good faith relied thereon." Miller v. Foulston, Siefkin, Powers & Eberhardt, 790 P.2d 404, 417 (Kan.1990). Thus, the essential requirements of the doctrine are (1) prior actions "wholly inconsistent" with the present conduct or position of the party to be estopped, and (2) rightful, detrimental reliance on the former by the party asserting the estoppel. See id.; Paul v. Monts, 906 F.2d 1468, 1473-74 (10th Cir.1990). The burden of proof lies with the party setting up the estoppel, see North River Ins. Co. v. Aetna Fin. Co., 352 P.2d 1060, 1062 (Kan.1960); Paul, 906 F.2d at 1474, and summary judgment is appropriate where the undisputed facts demonstrate the absence of one of the specified elements, see, e.g., Miller, 790 P.2d at 418; Cooper v. Re-Max Wyandotte County Real Estate, Inc., 736 P.2d 900, 907-09 (Kan.1987).
 
 
 5
 The stipulated facts show that, for years, the parties disputed responsibility for the pipeline transportation fees in question, which were also the subject of ongoing litigation between PPI and the pipeline company ultimately demanding payment, MAPCO. Then, in response to an invoice from PPI for the total transportation charges accumulated during their concluded contractual relationship, Total sent PPI (then Burke Energy Corporation) a letter, stating in pertinent part:
 
 
 6
 We believe that it is only prudent business practice on our part to wait until a final nonappealable order has been issued in Burke's litigation with Mapco before seriously considering the referenced invoice. Only at that time can Total determine if any tariff's [sic] at all are due to Burke.
 
 
 7
 Please be advised that in the event Burke is found liable to Mapco for the tariffs, Total stands ready, willing and able to reimburse Burke for which it may be liable under our isobutane processing agreement. Total hereby specifically reserves the right to contest its liability to reimburse Burke for any tariffs [regarding] ... transfers within the Mapco system.
 
 
 8
 App. at 37 (emphasis added). PPI claims this letter (mis)represented that Total had abandoned its position against payment of the transportation costs, thereby inducing PPI to forego action to enforce that obligation until the limitations period expired. However, the underscored portions of the letter, which reflect no capitulation or concession, but only the suggestion of a cease-fire because external circumstances might moot hostilities, undercut PPI's case on the element of inconsistent action by Total. Nevertheless, we shall follow the district court's lead and focus our analysis instead on the deficiency of PPI's showing of the requisite reliance.
 
 
 9
 The district court noted that after PPI received the quoted letter from Total, PPI actually continued its efforts to collect the transportation charges, even demanding payment from Total "within five days"--years before commencement of this action--on the threat that, absent such payment, PPI "will proceed to the instigation of litigation." Supp.App. at 79. Total promptly responded by letter, stating unequivocally that "[o]ur position always has been and continues to be that the tariff claim is unfounded for several reasons," and admonishing PPI that its "claim is without justification and any suit by it will be met by a very large counterclaim." Id. at 80-81. On these undisputed facts, the district court concluded as a matter of law that PPI could not substantiate its claim that it delayed filing suit in rightful reliance on Total's conduct.
 
 
 10
 We agree with the district court's determination. PPI's only appellate argument on the issue consists essentially of a citation to Bowen v. Westerhaus, 578 P.2d 1102 (Kan.1978), in which the Kansas Supreme Court reinstated an equitable estoppel claim likewise asserted to avoid an otherwise valid limitations defense. Brief of Aplt. at 9. With virtually no elaboration, PPI insists Bowen presented "a similar issue" to the one raised here. Id. That is generally, albeit only superficially, true in terms of the posture of the estoppel claims asserted in both cases. However, the critical circumstances weighing against estoppel in this case--particularly, PPI's unqualified demand for, and Total's equally unqualified refusal to make, the disputed payment during the very period PPI claims it was lulled into inaction by Total's acknowledgment of liability--have no parallel in the Bowen case.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. In light of this disposition, appellee's motion to strike portions of appellant's appendix is denied as moot.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3